COMMONWEALTH *vs.* DAVID THOMPSON.

The *St.* of 1817, *c.* 171, § 10, which imposes a penalty on "any˚ person who shall smoke, or have in his possession, any lighted pipe or cigar, in any street, lane or passage way" in Boston, applies to all open ways, used as such, although they may not be legally established as public ways.

A COMPLAINT against the defendant was made to the police court of the city of Boston, alleging that he, on the 10th of October, 1846, at said Boston, had in his possession a lighted cigar, in Hotel Square, the same being a passage way of said city ; against the peace, and contrary to the form of the statute, &c. A warrant was issued on this complaint, and the defendant was carried before said court, where he was tried, found guilty, and ordered to pay a fine and costs of prosecution. He thereupon appealed to the municipal court, and was there tried before *Cushing*, J. On that trial the following facts were proved or admitted : That the defendant, at the time and place mentioned in the complaint, had in his hand a lighted cigar ; that Hotel Square is one of the public streets or passage ways in that part of the city known as East Boston ; that all the streets, lanes, passage ways and public places, in East Boston, were laid out and established only by the proprietors of real estate there, (viz. the East Boston Company,) since the year 1834 ; that the said streets, &c. have been since used freely by the public ; that the said streets, &c. have never been laid out or established, in any manner, by the city government, nor recognized, by the city, as public streets, in any other manner than by causing them to be ighted at the expense of the city, (the lamps having been erected by the said East Boston Company,) in the same manner as the other streets are lighted, and by the establishment of engines, fire apparatus, reservoirs, &c. for the use of that part of the city ; that the city government have never repaired, but have always refused to repair, said streets, or to exercise any other control over the same, than as above ; that whatever repairs have been made, or control exercised over

the same, have been made and done by the East Boston Company; and that whenever any of the inhabitants of East Boston, or abutters on the said streets there, are desirous of making any temporary obstruction of any of the said streets, for the purpose of building, or otherwise, they make application, for that purpose, to the said East Boston Company, and not to the city government.

Upon this evidence, the defendant requested the judge to instruct the jury, that the complaint was not made out; that Hotel Square was not a passage way of Boston, within the meaning of *St.* 1817, *c.* 171, § 10, upon which the complaint was founded, and which is in these words: "Every person who shall smoke, or have in his or her possession, any lighted pipe or cigar, in any street, lane or passage way, or any wharf in said town, shall forfeit and pay, for each and every offence, the sum of two dollars." But the judge declined so to instruct the jury, and ruled that the complaint was sustained. The jury thereupon found the defendant guilty, and he alleged exceptions.

*Willey*, for the defendant.

*S. D. Parker*, for the Commonwealth.

SHAW, C. J. It was not contended, on the argument, that Hotel Square was not as much a public street and passage way, as any of the streets in East Boston; but it was contended — and this was the only exception brought to the notice of the court — that all the open streets in East Boston have been laid out by the proprietors; that they have not been laid out, or dedicated and accepted, by any legal authority, as highways or public ways; and that they cannot be regarded as lawful public streets. But the court are of opinion that this fact, if established, would afford no defence to the complaint. The case is precisely within the words of the statute. The statute does not limit its prohibition against smoking to high ways or public ways *de jure;* but by the terms "street, lane or passage way," it uses language sufficiently broad to include all open ways *de facto* actually used as such.

It is also within the spirit and intent of the statute, which was intended to gaurd the city against the damage of fire. This damage would be equally great from smoking in any street, used as such, whether laid out by lawful authority or not. It is within the principle laid down in the case of *Commonwealth* v. *Gammons*, 23 Pick. 201, respecting the duty of persons under the law of the road. That law was held to extend to all roads actually used as ways, whether legal highways or not.

*Exceptions overruled.*